UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY L. YAKEL,

      Plaintiff,

v.

                                    Case No. 1:25-cv-253
                                    Hon. Paul L. Maloney

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) which denied her claims for disability insurance benefits (DIB) and supplement security income (SSI).

Plaintiff filed applications for DIB and SSI on July 15, 2022, alleging a disability onset date of September 10, 2016.  PageID.46.  Plaintiff identified 12 disabling conditions.[1]  Plaintiff completed the 10th grade and had past relevant work as a bartender.  PageID.57, 298.  An administrative law judge (ALJ) reviewed plaintiff's claim *de novo* and entered a written decision denying benefits on February 28, 2024.  PageID.46-59.  This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

### I.      LEGAL STANDARD

---

[1] Plaintiff listed the following conditions which limited her ability to work: fibromyalgia; degenerative disc disease; kidney disease stage 3; bipolar; anxiety; depression; hypertension; stomach ulcer; UTI; varicose veins; anemia; and, bilateral hydronephrosis with renal calculi obstruction. PageID.297.

1

"The federal courts review the Commissioner's factual findings for substantial evidence and give fresh review to its legal interpretations." *Taskila v. Commissioner of Social Security*, 819 F.3d 902, 903 (6th Cir. 2016). This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). "Substantial evidence, this Court has said, is more than a mere scintilla. It means — and means only — such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (internal quotation marks and citations omitted).

A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health and Human Services*, 925 F.2d 146 (6th Cir. 1990). The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations, or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). "If the [Commissioner's] decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994).

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial

gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than twelve months.  *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905

F.2d 918, 923 (6th Cir. 1990).  In applying the above standard, the Commissioner has developed

a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability.  First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits.  Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability.  A "severe impairment" is one which "significantly limits . . .  physical or mental ability to do basic work activities."  Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience.  Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled.  For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations

caused by her impairments and the fact that she is precluded from performing her past relevant

work through step four.  *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir.

2003).  However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a

significant number of jobs in the economy that accommodate the claimant's residual functional

capacity (determined at step four) and vocational profile."  *Id.*  If it is determined that a claimant

is or is not disabled at any point in the evaluation process, further review is not necessary.  *Mullis*

*v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

"The federal court's standard of review for SSI cases mirrors the standard applied

in social security disability cases."  *D'Angelo v. Commissioner of Social Security*, 475 F. Supp. 2d

716, 719 (W.D. Mich. 2007).  "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date."  *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II.    ALJ's DECISION

Plaintiff's claim failed at the fifth step of the evaluation.  At the first step, the ALJ found that plaintiff has not engaged in substantial gainful activity since the alleged onset date of September 10, 2016, and that she met the insured status requirements of the Social Security Act through March 31, 2020.  PageID.48. At the second step, the ALJ found that plaintiff has severe impairments of: degenerative disc disease of the lumbar spine; irritable bowel syndrome; fibromyalgia; rheumatoid arthritis; bipolar disorder; depression; and anxiety.  PageID.49.  At the third step, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or equals the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  *Id*.

The ALJ decided at the fourth step that:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. She can frequently handle and finger with the bilateral upper extremities. She can understand, remember, and carry out simple instructions and make simple work-related decisions. She can tolerate occasional changes in the work setting. She can have occasional interaction with coworkers, supervisors, and the public, but to limit the duration and intensity of those interactions, there should be no teamwork or tandem tasks.

PageID.51. The ALJ also found that plaintiff is unable to perform any past relevant work.  PageID.57.

At the fifth step, the ALJ found that plaintiff could perform a significant number of light, unskilled jobs in the national economy.  PageID.57-58.  Specifically, the ALJ found that

4

based on the vocational expert's (VE's) testimony, plaintiff could perform the requirements of the following jobs: marker (59,000 jobs), folder (31,000 jobs), and classifier (55,000 jobs). PageID.58.  Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from September 10, 2016 (the alleged onset date) through February 28, 2024 (the date of the decision).  PageID.58-59.

### III.   DISCUSSION

Plaintiff set out one error:

**The ALJ's RFC (residual functional capacity) determination is not supported by substantial evidence where the ALJ failed to properly evaluate the opinion of John Stafford, M.D.**

The ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity."  *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004) (internal quotation marks and brackets omitted).  RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations imposed by all of his medically determinable impairments.  *See* 20 C.F.R. § 404.1545 and § 416.945. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

Here, plaintiff contends that the RFC is not supported by substantial evidence because the ALJ did not properly evaluate Dr. Stafford's opinion.  For claims filed on or after March 27, 2017, the regulations provide that the Social Security Administration (SSA) "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. §§ 404.1520c(a) and 416.920c(a). In these claims, the SSA "will articulate in our determination or decision how persuasive we find

all of the medical opinions and all of the prior administrative medical findings in [the claimant's] record."  20 C.F.R. §§ 404.1520c(b) and 416.920c(b).  In addressing medical opinions and prior administrative medical findings, the ALJ will consider the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and, (5) other factors.  *See* 20 C.F.R. §§ 404.1520c(c)(1)-(5) and 416.920c(c)(1)-(5).

The most important factors which the ALJ considers in evaluating medical opinions are "supportability" and "consistency".  20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2). The regulations explain "supportability" as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1) and 416.920c(c)(1).  The regulations explain "consistency" as, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. §§ 404.1520c(c)(2) and 416.920c(c)(2).

The regulations recognize that "[b]ecause many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record."  20 C.F.R. §§ 404.1520c(b)(1) and 416.920c(b)(1).  Thus, "when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this

section, as appropriate." *Id*. "We are not required to articulate how we considered each medical

opinion or prior administrative medical finding from one medical source individually. *Id*.

The ALJ addressed Dr. Stafford's opinion as follows:

A form that was addressed to Dr. John Stafford, MD, the claimant's family medicine doctor, was filled out, but not signed. It listed the claimant was quite limited, including only being able to stand for three hours in a workday; sit for two hours in a workday; lift/carry less than 15 pounds; the need to shift positions every hour; some limitations on reaching; and must lie down during the day. These limits would result in the inability to perform full time work (Exhibit 17F).

In February 2023, Dr. Stafford wrote a letter opining that the claimant was disabled by her right lower back pain and right sided sciatica. He stated she was able to sit for 30 minutes, and then stand for 30-45 minutes, then must lie down due to back pain. He noted the claimant used Norco and that lessened the pain, but did not take it away. He mentioned physical therapy and a back injection by a prior pain doctor, but this was several years ago and she has not seen pain management on a regular basis since the alleged onset date. He stated she reported she had been unable to work for the past three years due to back pain (Exhibit 10F/1).

In December 2023, in a progress note, Dr. Stafford indicated the claimant was not to work due to back pain. This progress note was attached to the above noted form filled out (Exhibit 17F/7).

Dr. Stafford's comments/opinions are not persuasive. The unsigned form limited the claimant's reaching, but the claimant testified she has no limits in reaching. It also was not dated or signed so it is unclear who actually filled this out. Further, the limits suggested by Dr. Stafford noted above are not consistent with the overall medical evidence, including no treatment with pain management for several years. In addition, she does have positive findings on physical examination at times, but at other times, they were less or normal. She has a lumbar spine MRI, but it is not significantly remarkable. Her November 2022 consultative examination was not terribly remarkable. She also worked at some points since the alleged onset date, but the undersigned does acknowledge, it was at non substantial gainful activity levels and she has not worked more recently.

PageID.55-56.

The ALJ pointed out that the "Physical Assessment-Questionnaire Form" (Exh.

17F, PageID.1874-1875) is not signed.  The regulations refer to evaluating "medical opinion(s) . .

. including those from your medical sources."  20 C.F.R. §§ 404.1520c(a) and 416.920c(a).  An

7

unsigned opinion form is not a "medical opinion" from a "medical source".  Accordingly, the ALJ could properly find that the opinions expressed in the unsigned form were not persuasive.

With respect to Dr. Stafford's "to whom it may concern" letter dated February 22, 2023 (Exh. 10F) (PageID.1767), the ALJ evaluates the opinion as not consistent with the overall medical evidence.  PageID.57.  The ALJ points out that plaintiff' has not had "pain management for several years" and then makes additional vague observations such as: "positive findings on physical examination at times, but at other times, they were less or normal"; a lumbar spine MRI which "is not significantly remarkable"; and a consultative examination which "was not terribly remarkable."  *Id*.  As discussed, the "Most important factors" which the ALJ is to address are "supportability" and "consistency".  20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2).  Here, the ALJ made only vague observations on "consistency" and did not address "supportability." An ALJ "must articulate, at some minimum level, his analysis of the evidence to allow the appellate court to trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).  *See Stacey v. Commissioner of Social Security*, 451 Fed. Appx. 517, 519 (6th Cir. 2011) (quoting *Diaz*). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Secretary of Health and Human Services*, 753 F.2d 517, 519 (6th Cir. 1985).  Accordingly, this matter should be reversed and remanded pursuant to 42 U.S.C. § 405(g).  On remand, the Commissioner should re-evaluate Dr. Stafford's February 22, 2023, opinion for supportability and consistency as required under the regulations.

## IV.   RECOMMENDATION

For the reasons discussed, I respectfully recommend that the Commissioner's decision be **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g). On

remand, the Commissioner should re-evaluate Dr. Stafford's February 22, 2023, opinion for supportability and consistency as required under the regulations.


Dated: February 23, 2026                        /s/ Ray Kent
                                                 Ray Kent
                                                 United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).